IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES PERRY | * | 2006 JUN -2  P 2: 45 |
| Plaintiff, | * | |
| vs. | * | CASE NO.: CV-2006-___ |
| | | 2:06CV502-SRW |
| FLEETWOOD ENTERPRISES, INC., | * | |
| FLEETWOOD HOMES OF GEORGIA, INC., and Fictitious | * | |
| Defendants "A", "B", and "C", | * | |
| Defendants. | | |

## NOTICE OF REMOVAL

COME NOW the Defendants, Fleetwood Enterprises, Inc. and Fleetwood Homes of Georgia, Inc., and file this Notice of Removal of this case pending in the Circuit Court of Bullock County, Alabama, CV-2006-45 to the United States District Court, Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §§1332 and 1441(a), and in support thereof, respectfully show unto this Court as follows:

1. An action was commenced against the Defendants in the Circuit Court of Bullock County, Alabama, entitled JAMES PERRY vs. FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF GEORGIA, INC., and Fictitious Defendants "A", "B", and "C", Case Number CV-2006-45. Plaintiff effected service of the Complaint by certified mail upon the agent for service of process of Fleetwood Homes of Georgia, Inc. on May 8, 2006. Said service

1

was effected subsequently in the same method on Fleetwood Enterprises, Inc. on May 10, 2006. Less than thirty (30) days have expired since service of summons upon these Defendants. The proof of service attached as Exhibit "A" is documented by a copy of the certified mail return receipt provided to the Clerk of the Circuit Court of Bullock County, Alabama.

2. These Defendants have filed no pleadings, motions, or appearances in state court. These Defendants concur in the filing of this notice of removal. The documents attached hereto as Exhibit "A" and Exhibit "B" constitute all of the process, pleadings and orders served upon defendants in this action.

3. This action is one of which the United States District Courts are given original jurisdiction under 28 U.S.C. §1332 and which is removable under 28 U.S.C. §1441(a). Pursuant to 28 U.S.C. §1446(b), this notice is filed in the United States District Court for the Middle District of Alabama, Northern Division within the time allowed by law for the removal of civil actions to the United States District Court for the district and division of the place where the action is pending.

4. Upon information and belief, the Plaintiff is a resident citizen of Bullock County, Alabama, within the Middle District of Alabama.

5. Defendant Fleetwood Enterprises, Inc. is now and was at the time of filing the Complaint and at all intervening times

2

a citizen of the state of California where this defendant-corporation has its principal place of business, and a citizen of the state of Delaware, its place of incorporation. The statement of citizenship of this corporate defendant is contained in Exhibit "C", Affidavit of Todd Uhlick.

6. Defendant Fleetwood Homes of Georgia, Inc. is now and was at the time of filing the Complaint and at all intervening times a citizen of the state of Georgia where this defendant-corporation has its principal place of business and its place of incorporation. The statement of citizenship of this corporate defendant is contained in Exhibit "C", Affidavit of Todd Uhlick.

7. The time to ascertain whether the requisite jurisdictional amount necessary to invoke federal jurisdiction is present is the time the petition for removal is filed. See Ellis v. Logan Co., 543 F. Supp 586 (W.D.Ky.1982). Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement, exclusive of interests and costs. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996); Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

8. In diversity cases, state law covers substantive issues. See Caster v. Hennessey, 781 F.2d 1569 (11th Cir. 1986).

Plaintiff's Complaint alleges causes of action against the Defendant for (1) a defective product pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., (2) breach of express warranty, (3) breach of implied warranty of merchantability, (4) breach of fitness for a particular purpose, (5) breach of warranty of habitability, (6) negligence, (7) wanton [construction], and (8) violation of the Alabama Extended Manufacturers Liability Doctrine. The *ad damnum* clauses following Counts Seven and Eight request "judgment against the Defendants in such amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees." The *ad damnum* clauses following Counts One through Six request compensatory damages, costs, and reasonable fees. The plaintiffs make no specific monetary demand under any of their claims for relief.

9. Faced with similar *ad damnum* language in other cases where no specific monetary demand is made, federal courts in Alabama have routinely taken judicial notice of the large punitive damages verdicts in Alabama and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. See, e.g., Bolling v. Union Nat'l Life Ins. Co., 900 F.Supp 400, 405 (M.D.Ala. 1995); Steele v. Underwriters Adjusting Co., 649 F.Supp. 1414 (M.D.Ala. 1986). Juries in Alabama regularly award damages in excess of $75,000.00 in cases

alleging manufactured home defects. For example, in <u>Southern Energy Homes, Inc. v. Washington</u>, 774 So.2d 505 (Ala. 2000), the jury awarded $375,000.00 in compensatory damages and in <u>Horton Homes, Inc. v. Brooks</u>, 832 So.2d 44 (Ala. 2001), the jury awarded $150,000.00 in compensatory damages.

10. The claims made by the plaintiff against the defendants call for an unspecified amount of damages and it is reasonable, as set forth below, to assume that the damages, exclusive of interest and costs, may be claimed in excess of $75,000. Unlike the Complaint filed in <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092 (11th Cir. 1994), the plaintiff in this case has not imposed a cap on the damages in this case sufficient to defeat the jurisdiction of this Court. Therefore, pursuant to 28 U.S.C. § 1332(a), jurisdiction of this Honorable Court is proper.

11. Plaintiffs have alleged "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience" as a result of the alleged breach of warranty. (Complaint paragraph 15). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of breach of warranty. Verdicts well in excess of $75,000 have been rendered against corporate defendants, particularly out-of-state corporations, in such

breach of warranty actions. See e.g., <u>Horton Homes, Inc. v. Brooks</u>, 832 So. 2d 44 (Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000); <u>Southern Energy Homes, Inc. v. Washington,</u> 774 So.2d 505 (Ala. 2000) (On claims of breach of implied and express warranty, damage award of $375,000.00, a substantial portion of which was for mental anguish damages, was affirmed by Supreme Court of Alabama).

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 since the parties are diverse and the amount in controversy exceeds $75,000.00. Defendants maintain complete diversity of citizenship with the Plaintiff upon information and belief and according to its statement of citizenship provided in

Exhibit "C" hereto. Defendants meet the amount in controversy requirement as described in the preceding paragraphs.

13. Removal is proper on diversity grounds under section 1441(b) which states;

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(b) (West 2005)

14. Also, this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 since the claim for relief under the Magnuson Moss Warranty Act (the "Act") constitutes an action arising under the laws of the United States, 42 U.S.C. §2301 *et seq.* Furthermore, this claim by the consumer-Plaintiff is cognizable in the district court under the Act since the amount in controversy is not less than $50,000, exclusive of interest and costs, when computed on the basis of all claims to be determined in this suit, pursuant to 42 U.S.C. §2310(d)(1),(d)(3)(B).

15. Removal is proper, alternatively, under section 1441(c), which states;

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.
>
> 28 U.S.C.A. § 1441(c) (West 2005)

16. The present action contains claims separate and independent from the consumer warranty claim asserted under the Act, 42 U.S.C. §2301 *et seq*. Specifically, Counts Six, Seven, and Eight concern tort claims in negligence, wantonness, and the hybrid statutory claim under the Alabama Extended Manufacturers Liability Doctrine, respectively. These claims are separate and independent of the federal and state breach of warranty claims stated in Counts One through Five. Hence, removal is proper under Section 1441(c). <u>In Re City of Mobile</u>, 75 F.3d 605 (11th Cir. 1996)

17. These remaining claims Six, Seven, and Eight asserted in the complaint are within the Court's supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

18. A true copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Bullock County, Alabama, as required by 28 U.S.C. § 1446(d). See Exhibit "D" attached hereto.

WHEREFORE, Defendants pray that this Honorable Court accept jurisdiction of the above action.

/s/ David C Hilyer
JAMES H. CROSBY (CROSJ7501)
WINSTON W. EDWARDS (137576)
DAVID C. HILYER (293823)
Attorneys for Defendants
Fleetwood Enterprises, Inc.
Fleetwood Homes of Georgia, Inc.

OF COUNSEL:
Crosby Saad, LLC
6404 Hillcrest Park Court
Mobile, Alabama 36695
Telephone: 251/476-3000
Facsimile: 251/776-5750
E-mail: jimcrosby@crosbysaad.com

CRADDOCK RENEKER & DAVIS, LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064 Telephone
(334) 215-7843 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 2 day of June, 2006, served a copy of the foregoing upon counsel of record in this proceeding by placing the same in the United States Mail, properly addressed and first-class postage prepaid:

C. Lance Gould
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
**ATTORNEY FOR PLAINTIFF**

/s/ David C Hilyer
OF COUNSEL

9