IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

| | | |
|---|---|---|
| JAMES PERRY, | * | MAY 01 2006 |
| Plaintiff, | * | |
| | * | CLERK-REGISTER, BULLOCK CO., ALA. |
| v. | * Civil Action No.: | |
| | * CV-2006-45 | |
| FLEETWOOD ENTERPRISES, INC.; | * | |
| FLEETWOOD HOMES OF GEORGIA, INC.; | * | |
| and Fictitious Defendants "A", "B", and "C", | * | |
| whether singular or plural, are those other | * | |
| persons, firms, corporations, or other entities | * | |
| whose wrongful conduct caused or contributed | * | |
| to cause the injuries and damages to the Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| substituted by amendment when ascertained, | * | |
| Defendants. | * | |

## COMPLAINT

### PARTIES

1. Plaintiff James Perry is over the age of nineteen (19) and is a resident of Bullock County, Alabama.

2. Defendant Fleetwood Enterprises, Inc. ("Fleetwood Enterprises") upon information and belief is a California corporation, who does business by agent in Bullock County, Alabama.

3. Defendant Fleetwood Homes of Georgia, Inc. ("Fleetwood Homes") upon information and belief is a Georgia corporation, who does business by agent in Bullock County, Alabama.

4. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to

1



cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## BACKGROUND FACTS

5. Defendant Fleetwood Enterprises is the parent corporation and/or alter ego of Defendant Fleetwood Homes. Defendant Fleetwood Homes manufactured a manufactured home, which the Plaintiff purchased on or about May 2, 2002.

6. As part of the purchase price Defendants made a written express warranty to the Plaintiff. Defendants further warranted that any defects in the materials or workmanship in the home, which they were given notice of within the warranty period, would be repaired or remedied at no cost to the Plaintiff.

7. The manufactured home manufactured by Defendant Fleetwood Homes failed to perform, failed to serve as a suitable place or residence, and failed in its intended purpose.

8. Subsequent to the failure of the manufactured home and notice by the Plaintiff to Defendants of such failure, Defendants have failed to effectuate any repair to the manufactured home. As such, the manufactured home continues to deteriorate structurally.

9. Defendants have failed to honor the warranty or repair in that the manufactured home purchased was not fit for its intended use, was not merchantable at the date of the purchase and has continued to not be fit for its particular purpose, not withstanding efforts to repair the structure by Defendants.

10. Pursuant to Code of Alabama, 1975 § 7-2-607(3), Plaintiff has given the Defendants notice of Plaintiff's breach of warranty claim prior to bringing this suit.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301, et seq.

11. Plaintiff incorporates by reference all of the preceding paragraphs.

12. At the time of the manufacture, Defendants were merchants, Defendants expressly and/or impliedly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

13. The manufactured home, as delivered, was not free from defects in materials or workmanship.

14. Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

15. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been proximately damaged as follows: the defects in the manufactured home have substantially and severely impaired its use; the home is of decreased or lesser value than represented when purchased; Plaintiff has suffered mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience; Plaintiff has been caused to expend money in attempts to have the respective manufactured home repaired; Plaintiff has been subject to toxic mold resulting from the defects which has resulted in severe pain and suffering and discomfort; toxic mold has also caused Plaintiff to suffer colds and allergies and sinus infections.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees as allowed under 15 U.S.C. § 2301, et seq.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

16. Plaintiff incorporates by reference all of the preceding paragraphs.

17. Defendants expressly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiff, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

18. The manufactured home, as delivered, was not free from defects in materials or workmanship.

19. Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiff to suffer injury and damages.

20. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been proximately damaged as set forth in paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21. Plaintiff incorporates by reference all of the preceding paragraphs.

22. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

23. Plaintiff provided notice to Defendants for the breach of implied warranty and have given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

24. As a direct result of the breach of implied warranty or merchantability by Defendants, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees.

## COUNT FOUR
## BREACH OF FITNESS FOR PARTICULAR PURPOSE

25. Plaintiff incorporates by reference all of the preceding paragraphs.

26. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

27. Plaintiff provided notice to Defendants for the breach of fitness for particular purpose and have given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

28. As a direct result of the breach of fitness for particular purpose by Defendants, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

29. Plaintiff incorporates by reference all of the preceding paragraphs.

30. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

31. Plaintiff provided notice to Defendants for the breach of warranty of habitability and have given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

32. As a direct result of the breach of warranty of habitability by Defendants, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees.

## COUNT SIX
## NEGLIGENCE

33. Plaintiff incorporates by reference all of the preceding paragraphs.

34. Defendants negligently manufactured, designed, built, and/or assembled the manufactured home which the Plaintiff purchased from Defendants.

35. Defendants owed a duty to use due and ordinary care in the manufacture, design, building, and/or assembly of the manufactured home purchased by Plaintiff.

36. The Defendants breached the duty owed to Plaintiff by failing to use ordinary and due care in the manufacture, design, building, and/or assembly of the manufactured home which was purchased by the Plaintiff.

37. As a direct and proximate result of the Defendants' negligence, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded, and costs, as well as reasonable attorney fees.

## COUNT SEVEN
## WANTON

38. Plaintiff incorporates by reference all of the preceding paragraphs.

39. Plaintiff alleges Defendants are guilty of wanton construction of the manufactured home.

40. The workmanship and design are inferior, wantonly performed or done, leaving the manufactured home in a defective condition, thereby causing injury to the Plaintiff.

41. As a direct and proximate result of the Defendants' wantonness, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be awarded a separate amount as punitive damages, and costs, as well as reasonable attorney fees.

## COUNT EIGHT
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

42. Plaintiffs incorporate by reference all of the preceding paragraphs.

43. Defendants are involved in the manufacture of a 2002 Fleetwood manufactured home, specifically, serial number GAFL234AB75049-AV11.

44. Defendants manufactured the manufactured home and placed it in the stream of commerce where Plaintiff's ultimately purchased the manufactured home on or about May 2, 2002.

45. The manufactured home reached the Plaintiff as the ultimate users or consumers without any substantial change in its condition from the time it was manufactured by Defendants.

46. Plaintiff used the manufactured home for its intended purpose, as a residence.

7

47. The manufactured home, when it reached the Plaintiff, was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiff as the ultimate users or consumers.

48. As a direct and proximate result of Defendants placing a defective and/or unreasonably dangerous in the stream of commerce, Plaintiff was damaged as set forth in Paragraph 15.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages to be award, a separate amount as punitive damages, and costs, as well as reasonable attorney fees.

Dated: April 28, 2006.

_____
C. LANCE GOULD (GOU007)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

### JURY DEMAND

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
Of Counsel