IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES PERRY, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: |
| FLEETWOOD ENTERPRISES, INC., | * | 2:06-cv-00502-MEF |
| FLEETWOOD HOMES OF GEORGIA, INC., and Fictitious | | |
| Defendants "A", "B", and "C", | * | |
| | * | |
| Defendants. | | |

## JOINT AMENDED REPORT OF PARTIES' PLANNING MEETING AND/OR MOTION FOR LEAVE TO SUBMIT SAME

No Scheduling Order has been entered in this case. Pursuant to Fed.R.Civ.P.26(f), a meeting between counsel for the parties previously was held and a Report of that meeting was submitted to the Court. Another meeting of counsel for the parties was held on August 14, 2007 to discuss an Amended Report of the Parties' Planning Meeting, and was attended by:

Lance Gould on behalf of Plaintiff James Perry

David F. Walker on behalf of Defendants Fleetwood Enterprises, Inc. and Fleetwood Homes of Georgia, Inc.

The parties wish to amend their previously filed Report of Parties' Planning Meeting because they need additional time to conduct discovery and prepare for trial. Counsel for the parties are involved in over twenty similar cases and/or arbitrations against the same defendants, including a potential class arbitration, and the parties agreed to stay all activity in those cases for a global mediation. That mediation effort has not resolved the cases/arbitrations, and the parties are engaging in discovery in each of these matters. Discovery requires inspection of the homes by at least two experts for the plaintiffs and the defendants, as well as multiple depositions and document production. Scheduling between multiple attorneys and multiple expert witnesses is difficult, but the parties are putting forth their best efforts, now that mediation has failed, to prepare these cases for trial. Moreover, there is still pending the Defendants' Motion to Dismiss, and, accordingly, the Defendants have not yet filed an answer in this case. As noted above, the Court has not entered a Scheduling Order in this matter.

If leave of this Court is required for amending the parties' report, the parties hereby jointly request permission to amend their report, for the reasons set forth above. The parties do not request a conference with the Court before entry of the Scheduling Order.

Accordingly, the parties amend their report to read as follows:

1. **Initial Disclosures**.    The parties have exchanged the information required by Rule 26(a)(1).

2. **Discovery Plan**.    The parties jointly propose to the Court the following discovery plan:

    a.    All discovery commenced in time to be completed by January 15, 2008.

    b.    Maximum of forty (40) interrogatories by each party to any other party. Responses due forty-five (45) days after service.

    c.    Maximum of twenty-five (25) requests for admission by each party to any other party.

    d.    Maximum of forty (40) requests for production of documents and other things by each party to any other party.

    e.    Maximum of ten (10) depositions by each plaintiff and ten (10) depositions by each defendant. This number does not include depositions of medical doctors or experts. Each deposition limited to a maximum of five (5) hours for a lay witness or eight (8) hours for an expert witness unless extended by agreement of the parties.

    f.    Reports from retained experts under Rule 26(a)(2) due:

        From Plaintiff by November 15, 2007.
        From each Defendant by December 15, 2007.

    g.    Supplementation under Rule 26(e) is due reasonably upon knowledge of additional information.

3. **Other Items**.

    a.    Plaintiff was allowed under the original Report of the Parties' Planning Meeting until January 15, 2007 to join additional parties and to amend the pleadings, unless otherwise agreed by the parties. No additional parties or amended pleadings were submitted.

    b.    Defendant was allowed under the original Report of the Parties' Planning Meeting until February 15, 2007 to join additional parties and to amend the pleadings, unless otherwise agreed by the parties. No additional parties or amended pleadings were submitted.

    c.    All potentially dispositive motions should be filed no later than February 15, 2008.

    d.    Settlement: The parties attempted a global mediation of this and other cases without success. Settlement of this particular case cannot be realistically evaluated prior to the completion of discovery, including but not limited to an inspection of the home.

    e.    The parties request a pretrial conference on or before March 1, 2008.

    f.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from each party by February 15, 2008.

    g.    Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.    The case should be ready for trial by April 1, 2008, and at this time trial is expected to take approximately 5-7 days.

Respectfully submitted,

/s/_____C. Lance Gould_____ [1]
C. Lance Gould, Esq. (GOU007)
Attorney for Plaintiff

OF COUNSEL:

Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160
Telephone:  (334) 269-2343
Facsimile:  (334) 223-1218
Email: lance.gould@beasleyallen.com

---

[1] Mr. Gould consented to the filing of this instrument by David F. Walker, counsel for the defendants.

3

      /s/     David F. Walker
JAMES H. CROSBY (CROSJ7501)
DAVID F. WALKER (WALKD2617)
HENDRIK S. SNOW (SNOWH8756)
Attorneys for named Defendants

OF COUNSEL:

CROSBY, SAAD, L.L.C
6404 Hillcrest Park Court
Mobile, Alabama 36695
Telephone: 251/476-3000
Facsimile: 251/776-5750
jimcrosby@crosbysaad.com
dwalker@crosbysaad.com
hsnow@crosbysaad.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this 14th day of August, 2007, electronically filed the foregoing instrument using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            s/ David Walker
                                            DAVID F. WALKER