IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES PERRY, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: |
| FLEETWOOD ENTERPRISES, INC., FLEETWOOD HOMES OF GEORGIA, INC., and Fictitious Defendants "A", "B", and "C", | * * * | 2:06-cv-00502-MEF |
| Defendants. | | |

## JOINT AMENDED REPORT OF PARTIES' PLANNING MEETING PURSUANT TO COURT ORDER OF SEPTEMBER 5, 2007

The parties previously filed a report of their planning meeting. On September 5, 2007, the Court Ordered that the parties submit a report complying with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

This case was removed to this Court prior to the adoption of amendments to Rule 26 in December 2006, and the parties submitted a report of their planning meeting pursuant to Appendix 35. The parties, however, have amended their report since the December 2006 amendments to Rule 26, and this current report incorporates those amendments.

This report also accounts for the statement in the Court's September 5, 2007 Order regarding the timing of dispositive motions, and the statements about the Court's civil jury terms.

Accordingly, the parties amend their report to read as follows:

    1.    **Initial Disclosures**.    The parties have exchanged the information required by Rule 26(a)(1).

    2.    **Discovery Plan**.    The parties jointly propose to the Court the following discovery plan:

        a.    Discovery will be needed on the following subjects: Damages, if any, to the plaintiff's manufactured home; facts surrounding the

       purchase of the home; the plaintiff's knowledge of any alleged defects in the home; any alleged defects in the home; the qualifications, background, and prior experiences of the parties' expert witnesses; the inspections of the homes by the parties' expert witnesses; general background information on each party representative; the methods of construction for the plaintiff's home; the defendants' notice of any alleged defects in the home; and other general topics to be agreed upon by the parties.

b.    Disclosure or discovery of electronically stored information should be handled as follows: The parties will meet within thirty (30) days to determine what, if any, documents are requested that could be stored in an electronic format. If the parties are unable to agree on any particular production of electronically-stored information, the parties will seek the assistance of the Court. In general, the parties will attempt to follow the guidelines set out in Fed. R. Civ. P. 26(b)(2)(B) as to how disputes over the burdensome or costly nature of retrieving electronically-stored information will be handled.

c.    The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If either party withholds information based on the attorney-client privilege or work product doctrine, and the other party requests more information, the withholding party will describe in writing the nature of the documents in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege or protection. If the requesting party is not satisfied with the description, the Court may then entertain the written description provided by the withholding party to determine if the privilege or other protection is valid. If the Court still has concerns based on the description given by the producing party, the Court may then request an in-camera inspection of the documents (or a sampling of the documents) and make a ruling as to whether the documents should be produced over the objections of the withholding party.

d.    All discovery commenced in time to be completed by January 15, 2008.

e.    Maximum of forty (40) interrogatories by each party to any other party. Responses due forty-five (45) days after service.

f.    Maximum of twenty-five (25) requests for admission by each party to any other party.

      g.    Maximum of forty (40) requests for production of documents and other things by each party to any other party.

      h.    Maximum of ten (10) depositions by each plaintiff and ten (10) depositions by each defendant. This number does not include depositions of medical doctors or experts. Each deposition limited to a maximum of five (5) hours for a lay witness or eight (8) hours for an expert witness unless extended by agreement of the parties.

      i.    Reports from retained experts under Rule 26(a)(2) due:

          From Plaintiff by November 15, 2007.
          From each Defendant by December 15, 2007.

      j.    Supplementation under Rule 26(e) is due reasonably upon knowledge of additional information.

3.    **Other Items**.

      a.    Plaintiff was allowed under the original Report of the Parties' Planning Meeting until January 15, 2007 to join additional parties and to amend the pleadings, unless otherwise agreed by the parties. No additional parties or amended pleadings were submitted.

      b.    Defendant was allowed under the original Report of the Parties' Planning Meeting until February 15, 2007 to join additional parties and to amend the pleadings, unless otherwise agreed by the parties. No additional parties or amended pleadings were submitted.

      c.    All potentially dispositive motions should be filed no later than February 15, 2008.

      d.    Settlement: The parties attempted a global mediation of this and other cases without success. Settlement of this particular case cannot be realistically evaluated prior to the completion of discovery, including but not limited to an inspection of the home.

      e.    The parties request a pretrial conference on or before April 1, 2008.

      f.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from each party by February 15, 2008.

      g.    Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

      h.      The case should be ready for trial by the Court's Civil Jury Term set for July 7, 2008,, and at this time trial is expected to take approximately 5-7 days.

Respectfully submitted,

/s/           C. Lance Gould           [1]
C. Lance Gould, Esq. (GOU007)
Attorney for Plaintiff

OF COUNSEL:

Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160
Telephone:     (334) 269-2343
Facsimile:     (334) 223-1218
Email: lance.gould@beasleyallen.com


/s/     David F. Walker
JAMES H. CROSBY (CROSJ7501)
DAVID F. WALKER (WALKD2617)
Attorneys for named Defendants


OF COUNSEL:

CROSBY, SAAD, L.L.C
6404 Hillcrest Park Court
Mobile, Alabama  36695
Telephone: 251/476-3000
Facsimile: 251/776-5750
jimcrosby@crosbysaad.com
dwalker@crosbysaad.com

---

[1]     Mr. Gould consented to the filing of this instrument by David F. Walker, counsel for the defendants.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 3rd day of October, 2007, electronically filed the foregoing instrument using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    s/ David Walker
                                    DAVID F. WALKER